**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DARRELL D. SCOTT,

      Petitioner,

-vs-                            Case No.  8:13-CV-1956-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

**<u>ORDER</u>**

      Before the Court is Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1), and motion for leave to proceed in this action *in forma pauperis* (Dkt. 2).  Upon consideration, the Court concludes, *sua sponte*, that the petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).  *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).  *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

The AEDPA created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was final on March 30, 2004,[1] and the limitation period expired one year later, on March 30, 2005, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). According to the petition, on August 1, 2008, Petitioner filed a petition for writ of habeas corpus in the state court requesting to file a belated motion for post-conviction relief pursuant to Fla. R. Crim. P., Rule 3.850 (Dkt. 1 at p. 24).  The petition was granted, and Petitioner filed a Rule 3.850 motion on March 26, 2009, which was denied on June 28, 2011 (Id. at pp. 24-25).  The August 1, 2008 petition for writ of habeas corpus and the March 26, 2009 Rule 3.850 motion, however, were filed after the expiration of the federal limitation deadline on March 30, 2005.  As a consequence, neither the state petition for writ of habeas corpus nor

---

[1]Petitioner's final criminal judgment and sentence was affirmed on December 31, 2003.  *See Scott v. State*, 861 So. 2d 1282 (Fla. 2d DCA 2003) [table].  Therefore, his judgment of conviction became final 90 days later on March 30, 2004. *See Bond v. Moore*, 309 F.3d 770 (11th Cir.  2002) (finding that the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired).

the Rule 3.850 motion tolled the federal limitation period.  *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11ᵗʰ Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Petitioner's federal habeas petition, dated July 22, 2013, was filed well beyond the federal limitation deadline of March 30, 2005.  Consequently, the petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'"  *Steed v. Head*, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11ᵗʰ Cir. 1999) (per curiam)).  In the instant case, Petitioner argues that he is entitled to equitable tolling based on his attorney's misconduct. "[A]n attorney's unprofessional conduct can . . . count as an extraordinary circumstance justifying equitable tolling."  *Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271-1272 (11th Cir.  2012) (citations and internal quotation marks omitted).

Petitioner asserts that after his judgment of conviction became final on March 30, 2004, his sister retained attorney Judy Groover ("Groover") in May 2004 to file a state Rule 3.850 motion and federal habeas petition on behalf of Petitioner (Dkt. 1 at p. 22).  In June 2004, Groover informed Petitioner's sister that she was working on Petitioner's Rule 3.850 motion (Id. at p. 33).  On July 29, 2004, Groover mailed Petitioner a letter in which she discussed her evaluation of Petitioner's case, explained the AEDPA's statute of limitation

and how the filing of the Rule 3.850 motion would toll the limitation period, and assured Petitioner that the Rule 3.850 motion would be timely filed (Id. at p. 23).  On January 23, 2005, Petitioner received a letter from Groover which indicated that she had timely filed a Rule 3.850 motion with the state court (Id.).

Thereafter, communications between Groover and both Petitioner and his sister broke down (Id.).  Groover did not respond to multiple letters Petitioner mailed to her, and did not respond to Petitioner's sister's phone calls (Id.).

Approximately one year later, Petitioner sent a notice of inquiry to the Clerk of the Court and discovered that no Rule 3.850 motion had been filed on his behalf.[2]  (Id. at pp. 23-24).  In January 2007, Petitioner's sister informed him that Groover had died (Id. at p. 24). Thereafter, Petitioner filed his state habeas petition on August 1, 2008 (Id.).

Even if Groover's conduct was an extraordinary circumstance warranting equitable tolling, equitable tolling would not extend to the entire eight-year-plus delay in the filing of Petitioner's federal habeas petition. Assuming Petitioner were granted equitable tolling based on Groover's conduct for the time between May 2004 when Petitioner hired Groover, and January 2007 when Petitioner learned that Groover had died without filing the state Rule 3.850 tolling motion, Petitioner's federal habeas petition would still be untimely under AEDPA's one-year statute of limitations period. *See Chavez v. Sec'y Fla. Dept. of Corr.*, 647 F.3d 1057, 1070-72 (11th Cir. 2011) (even allowing for equitable tolling during predecessor

---

[2]Petitioner does not indicate the date on which he was informed that no Rule 3.850 motion had been filed. It is apparent, however, that Petitioner ascertained that no Rule 3.850 motion had been filed prior to learning in January 2007 that Groover had died.

counsel's representation, once that period was equitably tolled, the untolled period still amounted to more delay than AEDPA's one-year statute of limitations), *cert. denied*, 132 S. Ct. 1018 (2012). Approximately 18 months expired after January 2007 before Petitioner filed his state habeas petition on August 1, 2008. Therefore, the untolled period between the time Petitioner learned that Groover failed to file a Rule 3.850 motion and the filing of Petitioner's state habeas petition amounts to more delay than AEDPA's one-year limitations period allows. Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1.     Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2.     The **Clerk** shall terminate any pending motions and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Because the

petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test.

529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not

entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*